IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AISHA JACKSON, et al.**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **NEW JERSEY MANUFACTURERS INSURANCE COMPANY,** <br><br> *Defendant*. | Case No. 2:23-cv-02141-JDW |

## MEMORANDUM

Aisha Jackson and her minor daughter, Z.J., reached a settlement with their insurer, New Jersey Manufacturers Insurance Company ("NJM") for uninsured motorist benefits following a car accident in which both Plaintiffs sustained injuries. Because Z.J. is a minor, she has asked me to approve the portion of the settlement as it pertains to her claim. Because that settlement is fair, reasonable, and in Z.J.'s best interests, I will approve it.

## I.   BACKGROUND

On July 10, 2020, Z.J. was riding in her mother's car in a parking lot, when another car T-boned them. Z.J. was six years old at the time. She sustained minor soft tissue injuries to her head, neck, shoulder, back, and right thigh. Her mother, Aisha Jackson, also sustained injuries. Z.J. underwent treatment at Northwest Medical & Rehab from August 2020 through April 2021 and has made a full recovery from her injuries.

On May 10, 2023, Ms. Jackson sued her insurer, New Jersey Manufacturers Insurance Company ("NJM"), for breach of contract to recover uninsured motorist benefits. NJM removed the matter to this Court, and I referred the Parties to the Court's arbitration program. The Parties settled before the arbitration hearing. Pursuant to the agreed-upon settlement, NJM will pay $10,000 to settle Z.J.'s claims, and her attorney seeks fees in the amount of $3,333.33, leaving Z.J. with a net recovery of $6,666.67. Z.J. has filed a Petition For Leave To Approve Minor's Action, and that petition is ripe.

## II.    LEGAL STANDARD

Local Rule 41.2 requires court approval for any settlement involving a minor. *See* Local R. Civ. P. 41.2(a). In evaluating the proposed settlement, a judge "must determine the fairness of [the] settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount ...." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 667 (E.D. Pa. 2000). Where, as here, the case is before the Court based on diversity of citizenship jurisdiction, I apply state law. *See id.* at 667-68. Like our Local Rule, Pennsylvania law provides that "[n]o action to which a minor is a party shall be compromised, settled[,] or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Pa. R. Civ. P. 2039(a). When a judge approves a minor's compromise, he shall "make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise[.]" *Id.* at 2039(b).

2

**III.     ANALYSIS**

**A.     Fairness Of Settlement Amount**

A petition to approve a minor's settlement must contain sufficient information to allow the judge to protect the best interests of the minor. *See Calvert v. Gen. Acc. Ins. Co.*, No. 99-cv-3599, 2000 WL 124570, at *5 (E.D. Pa. Feb. 2, 2000). The petition should include relevant facts, including "evidence of the need for future medical care and future expenses, description of the minor's physical and mental condition, and evidence of the extent and duration of the injuries." *Id*. In evaluating the value of the lawsuit, "[c]ourts typically afford 'considerable weight' to the judgment of counsel and the parties." *Matter of McLean Contracting*, No. 14-cv-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017) (quotation omitted).

The settlement between NJM and Z.J. is in Z.J.'s best interests.  Z.J. did not suffer life-threatening or serious injuries, and she made a full recovery after receiving nine months of treatment.  Ms. Jackson approves of the settlement amount, and Z.J.'s Counsel represents that the settlement "is fair and reasonable and that it adequately compensates [Z.J.] for the injuries [she] suffered in this motor vehicle accident."  (ECF No. 13-7.)  Under these circumstances, I conclude that the settlement with NJM is fair, reasonable, and in Z.J.'s best interests.

### B. Reasonableness Of Attorneys' Fees

The requested attorneys' fees are also reasonable. When addressing the reasonableness of attorney's fees, "courts should be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties." *Ryan v. Butera, Beausang, Cohen & Brennan*, 193 F.3d 210, 215 (3d Cir. 1999). The Contingency Fee Agreement And Special Power Of Attorney Between Ms. Jackson and Plaintiffs' Counsel entitled Counsel to receive 40% of the gross sums recovered on Plaintiffs' behalf. Yet Plaintiffs' Counsel seeks less than that amount—just 33.3%—as part of the settlement of Z.J.'s claim. Contingent fee agreements for this amount are commonplace, and Plaintiffs' Counsel took on risk in pursuing this case, for which she should be rewarded. I therefore conclude that the fees are reasonable under the circumstances.

## IV. CONCLUSION

I will grant Z.J.'s Petition for the reasons stated above. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

November 7, 2023